# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE FINGER,<br><br>    Plaintiff,<br><br>  v.<br><br>MCAFEE CORP., PETER LEAV, JON WINKELRIED, KATHY WILLARD, JEFF WOOLARD, TIM MILLIKIN, SOHAIB ABBASI, MARY CRANSTON, GUNTHER BRIGHT, and EMILY ROLLINS,<br><br>    Defendants, | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Katherine Finger ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

## NATURE OF THE ACTION

1. Plaintiff brings this action against McAfee Corp. ("McAfee" or the "Company") and McAfee's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to an investor group led by Advent International Corporation ("Advent") and Permira Advisers LLC ("Permira"), Crosspoint Capital Partners ("Crosspoint Capital"), Canada Pension Plan Investment Board ("CPP Investments"), GIC Private Limited ("GIC"), and a wholly owned subsidiary of the Abu Dhabi Investment Authority ("ADIA") through its subsidiaries Condor BidCo, Inc. and Condor Merger Sub, Inc. (collectively the "Investor Group").

1

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading definitive proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on January 4, 2022. The Proxy recommends that McAfee stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby McAfee is acquired by the Investor Group. The Proposed Transaction was first disclosed on November 8, 2021, when McAfee announced that it had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which the Investor Group will acquire all of the outstanding shares of common stock of McAfee for $26.00 per share (the "Merger Consideration"). The deal is valued at approximately $14 billion and is expected to close in the first half of 2022.

3. The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the financial projections prepared by McAfee management, as well as the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"), McAfee's financial advisor.

4. For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the Proxy with the SEC or otherwise causing an amendment to the Proxy to be disseminated to McAfee's stockholders, unless and until the material information discussed below is included in the Proxy or otherwise disseminated to McAfee's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5. Plaintiff is, and has been at all relevant times, the owner of shares of common stock of McAfee.

6. Defendant McAfee is a corporation organized and existing under the laws of the State of Delaware. The Company's principal executive offices are located at 6220 America Center Drive San Jose, CA 95002. McAfee common stock trades on the NASDAQ under the ticker symbol "MCFE."

7. Defendant Peter Leav has been President, Chief Executive Officer ("CEO"), and a director of the Company since 2020.

8. Defendant Jon Winkelried has been a director of the Company since 2018.

9. Defendant Kathy Willard has been a director of the Company since 2019.

10. Defendant Jeff Woolard has been a director of the Company since 2019.

11. Defendant Tim Millikin has been a director of the Company since 2017.

12. Defendant Sohaib Abbasi has been a director of the Company since 2018.

13. Defendant Mary Cranston has been a director of the Company since 2018.

14. Defendant Gunther Bright has been a director of the Company since September 14, 2021.

15. Defendant Emily Rollins has been a director of the Company since October 5, 2021.

16. Nonparty Advent is a private equity firm located at 800 Boylston Street, Boston, MA 02199.

17. Nonparty Permira is a private equity firm located at 320 Park Avenue, Fl. 28 New York, NY, 10022.

18. Nonparty Crosspoint Capital is a private equity firm located at 2500 Sand Hill

Road, Suite 300, Menlo Park, CA 94025

19. Nonparty CPP Investments is an investment management organization located at 510 Madison Avenue, 15th Floor, New York, NY 10022.

20. Nonparty GIC is a wealth fund located at 168 Robinson Road No 37-01 Capital Tower Singapore, 068912 Singapore.

21. Nonparty ADIA is a wealth fund located at 211 Corniche, P.O. Box 3600, Abu Dhabi, United Arab Emirates.

22. Nonparties Condor BidCo, Inc. and Condor Merger Sub, Inc. are Delaware corporations and subsidiaries of the Investor Group.

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

24. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

25. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

# FURTHER SUBSTANTIVE ALLEGATIONS

## A. Background of the Company and the Proposed Transaction

26. McAfee was founded in 1987. It is a global provider of online protection for consumers focused on protecting people, not just devices. McAfee consumer solutions adapt to users' needs through integrated, intuitive solutions to protect users.

27. On November 5, 2021, the Company entered into the Merger Agreement with the Investor Group.

28. According to the press release issued on November 8, 2021 announcing the Proposed Transaction:

**McAfee to Be Acquired by an Investor Group for over $14 Billion**

*McAfee shareholders to receive $26.00 per share in cash*

*The transaction is valued at over $14 billion*

*The purchase price represents a premium of approximately 22.6% over McAfee's closing share price of $21.21 on November 4, 2021*

***Investor Group comprised of Advent, Permira, Crosspoint Capital, CPP Investments, GIC and ADIA***

SAN JOSE, Calif.--(BUSINESS WIRE)--Nov. 8, 2021-- McAfee Corp. (NASDAQ:MCFE, "McAfee"), a global leader in online protection, today announced it has entered into a definitive agreement to be acquired by an investor group led by Advent International Corporation ("Advent") and Permira Advisers LLC ("Permira"), Crosspoint Capital Partners ("Crosspoint Capital"), Canada Pension Plan Investment Board ("CPP Investments"), GIC Private Limited ("GIC"), and a wholly owned subsidiary of the Abu Dhabi Investment Authority ("ADIA") (collectively, "the Investor Group").

As part of the transaction, the Investor Group will acquire all outstanding shares of McAfee common stock for $26.00 per share in an all-cash transaction valued at approximately $12 billion on an equity value basis, and over $14 billion on an enterprise value basis after giving effect to repayment of McAfee debt. The purchase price represents a premium of approximately 22.6% over McAfee's closing share price of $21.21 on November 4, 2021, the last trading day prior to media reports regarding a potential sale of McAfee.

5

Upon completion of the transaction, the Investor Group will take ownership of McAfee. As a privately held company, McAfee will continue building on its success and proven track record of growth as a pure-play consumer cybersecurity leader following the sale of McAfee's Enterprise business, and the associated one-time dividend of $4.50 per share, to private equity firm Symphony Technology Group for $4.0 billion, which closed on July 27, 2021.

"This transaction is a testament to McAfee's market-leading online protection solutions, our talented employees, and outstanding customers and partners," said McAfee President and Chief Executive Officer, Peter Leav. "We want to thank our employees for their continued hard work and commitment to McAfee. We are thrilled to be partnering with premier firms who truly understand the cybersecurity landscape and have a proven track record of success."

In 2017, TPG partnered with Intel to carve out McAfee from Intel's core operations to establish a pure-play cybersecurity company with access to significant capital, operational and technology resources. McAfee completed its initial public offering last year, with TPG and Intel remaining as shareholders in the company.

Jon Winkelried, Chief Executive Officer of TPG and Chair of the McAfee Board, commented: "Today's announcement signals continued growth and opportunity for McAfee. Over the last four years, the company has expanded its product portfolio, enhanced its go-to-market strategy, and pursued strategic M&A, including the divestiture of its enterprise business. We're proud that today McAfee is a leading consumer cybersecurity franchise, protecting the digital lives of 20 million subscribers across the globe."

Tim Millikin, Partner at TPG and McAfee Board member, added: "It's been a privilege to have partnered with McAfee and its leadership team to help navigate the company's transformation and growth over the last four years. Our partnership with McAfee reflects TPG's focus on investing in growth to build companies that are driving differentiated value in their markets."

"McAfee is one of the most trusted brands in the essential business of consumer digital protection," said Bryan Taylor, Head of Advent's Technology Investment Team and a Managing Partner in Palo Alto. "As consumers face new and complex cyber risks, we see tremendous opportunity to build on McAfee's differentiated technology platform to continue delivering innovative solutions that can protect all facets of the digital lives of people around the world. We look forward to working alongside our investment partners and the talented McAfee team to continue setting the bar for consumer digital protection."

Brian Ruder, Co-Head of Technology at Permira, commented: "The need for personalized, innovative, and intuitive online protection services has never been greater. McAfee boasts an enviable brand, extensive partner ecosystem, loyal

customer base and a rigorous commitment to product development. With our extensive experience in scaling global consumer technology and cybersecurity businesses, we are excited to work closely with McAfee and our fellow investors to help position the company for even greater heights."

Greg Clark, Managing Partner at Crosspoint Capital and former Chief Executive Officer of Symantec added: "The risks that consumers face from all aspects of their digital lives is immense, and these risks are unprecedented and rapidly increasing. Consumers buy from brands they trust, and with the globally recognized brand of McAfee, we see the long term opportunity to deliver products and services to address these risks in all aspects of their digital presence."

Collectively, the Investor Group will provide McAfee with both financial and operational resources to further enhance its consumer offering and capture the rapid growth in consumer demand for digital protection services. McAfee's strong brand awareness, diversified distribution model and customer-centric approach has made it a clear leader in the rapidly evolving consumer online protection space. The Investor Group will support McAfee as it continues to broaden its differentiated online protection solutions and drive long-term value through market expansion.

**Transaction Details**

Under the terms of the agreement, which has been approved by the McAfee Board of Directors, McAfee shareholders will receive $26.00 in cash for each share of common stock they own.

The transaction is expected to close in the first half of 2022, subject to customary closing conditions, including, among others, approval by McAfee shareholders, receipt of regulatory approvals, and clearance by the Committee on Foreign Investment in the United States. Intel Americas, Inc. and certain funds affiliated with TPG Global, LLC have entered into a voting agreement pursuant to which they have agreed, among other things, to vote their shares of company stock in favor of the transaction, subject to certain conditions. The voting support under the voting agreement ceases automatically if the merger agreement is terminated or if the McAfee board makes an adverse recommendation change. These stockholders currently represent approximately 67.9% of the current outstanding voting power of the McAfee common stock.

Consistent with the McAfee Board's commitment to maximizing stockholder value, under the terms of the definitive merger agreement, McAfee's Board and advisors may actively initiate, solicit and consider alternative acquisition proposals during a 45-day "go shop" period. McAfee has the right to terminate the merger agreement to accept a superior proposal during the go-shop period, subject to the terms and conditions of the merger agreement. There can be no assurances that this process will result in a superior proposal, and McAfee does not intend to disclose developments with respect to this solicitation process unless and until McAfee's

Board makes a determination requiring further disclosure.

The buyer entity in the merger, Condor BidCo, Inc. ("Parent"), has obtained equity financing and debt financing commitments for the purpose of financing the transactions contemplated by the merger agreement. Funds advised by the Investor Group have committed to capitalize Parent at the closing of the merger with an aggregate equity contribution equal to $5.2 billion on the terms and subject to the conditions set forth in signed equity commitment letters.

The Investor Group has obtained a commitment from JPMorgan Chase Bank, N.A., Bank of America, N.A., Credit Suisse AG, Cayman Islands Branch, Barclays Bank PLC, Citibank, N.A. (and/or its affiliates), HSBC Bank USA, National Association, Royal Bank of Canada, CPPIB Credit Investments III Inc., UBS AG, Stamford Branch and PSP Investments Credit II USA LLC to provide debt financing consisting of a $6.66 billion first lien term loan facility, a $1 billion first lien cash flow revolving facility and a $2.32 billion senior unsecured bridge facility (which may be replaced with senior notes issued through a Rule 144A or other private placement), subject, in each case, to customary conditions. PSP Investments Credit USA LLC and investment funds managed by Neuberger Berman have agreed to provide the Investor Group with preferred equity financing with an aggregate liquidation preference of up to $800 million, subject to customary conditions.

Upon completion of the transaction, McAfee common stock will no longer be listed on any public securities exchange.

**B. The Materially Incomplete and Misleading Proxy**

29. On January 4, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

30. The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Goldman Sachs' fairness opinion, Goldman Sachs reviewed "certain internal financial analyses

and forecasts for McAfee prepared by its management, as approved for Goldman Sachs' use by McAfee." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that McAfee's management provided to the Board and Goldman Sachs.

31. Notably, Defendants failed to disclose the line-item entries that form the basis of McAfee's projections for: (a) Net Revenue; (b) Gross Margin; (c) Adjusted EBITDA; and (d) Unlevered Free Cash Flow. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

### *Materially Incomplete and Misleading Disclosures Concerning Goldman Sachs' Financial Analyses*

32. With respect to the *Illustrative Discounted Cash Flow Analysis,* the Proxy fails to disclose: (a) the free cash flow which McAfee is expected to generate in the terminal year; (b) the Company's terminal values; (c) the key data, inputs, and assumptions forming the basis of the range discount rates applied by Goldman Sachs; (d) McAfee's net debt on September 25, 2021; and (e) the total number of fully diluted outstanding shares of Company stock.

33. With respect to the *Illustrative Present Value of Future Share Price*, the Proxy fails to disclose: (a) McAfee's "forecasted net debt as of December 31, 2021 to 2023"; (b) the key data, inputs, and assumptions forming the basis of the range of discount rates applied by Goldman Sachs; (c) the number of "projected year-end fully diluted shares of Company Stock for each of the years 2021 to 2023"; and (d) the "forecasted dividends through each of the years 2021 to 2023."

34. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm,

warranting the injunctive relief sought herein.

35. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

36. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

37. Further, the Proxy indicates that on November 4, 2021, Goldman Sachs reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion dated November 5, 2021, to the effect that the Merger Consideration was fair, from a financial point of view to McAfee stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Goldman Sachs' financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

38. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that she will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

39. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40. Defendants have filed the Proxy with the SEC with the intention of soliciting McAfee stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

41. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of McAfee, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

42. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

43. Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of McAfee shares and the financial analyses performed by Goldman Sachs in support of its fairness opinion.

44. Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Goldman Sachs reviewed and discussed its financial analyses with the Board during various meetings including on November 4, 2021, and further states that the Board considered Goldman Sachs' financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

45. The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

46. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of McAfee within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of McAfee and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

48. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

49. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

50. In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

51. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the Proxy with the SEC or otherwise disseminating an amendment to the Proxy to McAfee stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: January 28, 2022  **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*